IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA M. PAUL, | ) | |
| | ) | |
|    Petitioner, | ) | |
| | ) | |
|    v. | ) | CIVIL ACTION NO. |
| | ) | 2:06mc3293-MHT |
| UNITED STATES OF, | ) | (WO) |
| AMERICA, etc., | ) | |
| | ) | |
|    Respondent. | ) | |

ORDER

On March 28, 2006, petitioner Donna M. Paul filed a
motion to quash a subpoena issued by the Internal Revenue
Service (IRS) in connection with a criminal tax
investigation.  The basis of the motion to quash is that
petitioner, Donna M. Paul, is not Donna S. Paul, who is
listed as the subject of the IRS investigation in the IRS
summons.

On May 17, 2006, respondent United States of America
filed a motion to dismiss, contending that petitioner
Paul had failed to perfect service because the summons
and complaint were not served upon the United States

Attorney for the Middle District of Alabama or the Attorney General of the United States of America.

As an initial matter, Federal Rule of Civil Procedure 4(m) allows the plaintiff 120 days to serve the summons and complaint before the suit may be subject to dismissal. Petitioner Paul filed her motion on March 28, 2006, so the 120 days will not run until the end of July. Accordingly, the government's motion to dismiss is due to be denied as premature.

As to the substance of the dispute, Federal Rule of Civil Procedure 4(i)(A) provides that service upon the United States of America can be effected only by serving the United States Attorney for the district in which the action is brought (or his or her representative),[1] and by

---

1.    "Service upon the United States shall be effected ... by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Fed. R. Civ. P. 4(i)(1)(A).

sending a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C. If an agency or corporation of the United States of America is a party to the action, a copy of the summons and complaint must also be sent by certified or registered mail to that agency. Fed. R. Civ. P. 4(i)(2)(A).

According to the docket sheet, a summons has not been issued by the clerk's office in this case. Accordingly, petitioner Paul could not have complied with Rule 4(i).[2] Although service is not yet perfected, petitioner Paul still has time to properly serve the Attorney General, the United States Attorney, and the IRS (an agency of the United States that is a party to this action) before her suit would be subject to dismissal. To perfect service

---

2. Although petitioner Paul submitted a certified mail return receipt card, addressed to R. Randolph Neeley, who is an Assistant United States Attorney in the Middle District of Alabama and attorney of record for the government, and signed by Nancy Yarn, the civil service clerk in Mr. Neeley's office, because that mailing did not include a summons, service is still not perfected as to the United States Attorney.

3

in this matter, petitioner Paul should contact the clerk's office, which can instruct her on how to obtain a valid summons, and then send a copy of the complaint and a copy of the summons by certified or registered mail to the civil process clerk of the United States Attorney for the Middle District of Alabama, the United States Attorney General, and the IRS.

Finally, the court notes that something seems amiss with the underlying IRS subpoena. That document indicates that the focus of the IRS investigation is a Donna S. Paul, whereas petitioner here, upon whom the IRS investigation is now focused, is Donna M. Paul. Regardless of whether the IRS means to investigate petitioner or another person, it is likely in both parties' interests to correct the subpoena that is the subject of the instant motion to quash.

Accordingly, it is ORDERED that respondent United States of Amercia's motion to dismiss (Doc. No. 6) is denied without prejudice.

The parties are DIRECTED to confer telephonically or in person regarding petitioner Paul's motion to quash and to file a report within ten days of the issuance of this order summarizing the status of this matter.   The government may file the report electronically.

DONE, this the 5th day of June, 2006.


    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**